UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, et al.<br><br>      Plaintiffs,<br><br>-against-<br><br>HARVEY WEINSTEIN,<br><br>      Defendant. | 1:18-cv-02526-PAC (RWLx)<br><br>**DECLARATION OF LESLIE A. PEREIRA IN SUPPORT OF HARVEY WEINSTEIN'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| HARVEY WEINSTEIN,<br><br>      Counterclaimant,<br><br>-against-<br><br>FEDERAL INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, PACIFIC INDEMNITY INSURANCE COMPANY, and GREAT NORTHERN INSURANCE COMPANY, et al.<br><br>      Counter-Defendants. | |
| HARVEY WEINSTEIN,<br><br>      Third-Party Plaintiff,<br><br>-against-<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al.<br><br>      Third-Party Defendants. | |

I, Leslie A. Pereira, declare as follows:

1. I am an attorney for Defendant, Counterclaimant, and Third-Party Plaintiff Harvey Weinstein in this action. Along with my colleague, Michael Abelson, I have handled this

action since inception. This declaration is submitted as part of Weinstein's Opposition to Chubb's Motion for Partial Summary Judgment ("MSJ").

2. Attached hereto as Exhibit 1 is a true and correct copy of a chart prepared by my office which summarizes, for choice of law purposes, the relevant information pertaining to the Chubb Policies. The information on the chart was taken from the policy excerpts attached as Exhibits 24-40 of the Gibbons Declaration.

3. Attached hereto as Exhibit 2 is a true and correct copy of a declaration provided by Mr. Weinstein for purposes of his Opposition to Chubb's MSJ.

4. Attached hereto as Exhibit 3 is a true and correct copy of relevant excerpts of Policy No. 11248462-02. The excerpts have been redacted to remove unnecessary personal information.

5. Attached hereto as Exhibit 4 is a true and correct copy of relevant excerpts of Policy No. 14307054-01. The excerpts have been redacted to remove unnecessary personal information.

6. Attached hereto as Exhibit 5 is a true and correct copy of relevant excerpts of Policy No. 14307054-02. The excerpts have been redacted to remove unnecessary personal information.

7. Attached hereto as Exhibit 6 is a true and correct copy of relevant excerpts of Policy No. 14451500-01. The excerpts have been redacted to remove unnecessary personal information.

8. Attached hereto as Exhibit 7 is a true and correct copy of relevant excerpts of Policy No. 14019063-02. The excerpts have been redacted to remove unnecessary personal information.

9. Attached hereto as Exhibit 8 is a true and correct copy of relevant excerpts of Policy No. 11248462-01.  The excerpts have been redacted to remove unnecessary personal information.

10. Attached hereto as Exhibit 9 is a true and correct copy of relevant excerpts of Policy No. 11248462-05.  The excerpts have been redacted to remove unnecessary personal information.

11. Attached hereto as Exhibit 10 is a true and correct copy of relevant excerpts of Policy No. 12771390-01.  The excerpts have been redacted to remove unnecessary personal information.

12. Attached hereto as Exhibit 11 is a true and correct copy of relevant excerpts of Policy No. 12771390-02.  The excerpts have been redacted to remove unnecessary personal information.

13. Attached hereto as Exhibit 12 is a true and correct copy of relevant excerpts of Policy No. 12771390-04.  The excerpts have been redacted to remove unnecessary personal information.

14. Attached hereto as Exhibit 13 is a true and correct copy of relevant excerpts of Policy No. 13042424-01.  The excerpts have been redacted to remove unnecessary personal information.

15. Attached hereto as Exhibit 14 is a true and correct copy of relevant excerpts of Policy No. 12771390-05.  The excerpts have been redacted to remove unnecessary personal information.

16. Attached hereto as Exhibit 15 is a true and correct copy of relevant excerpts of Policy No. 12771390-07.  The excerpts have been redacted to remove unnecessary personal

information.

17. Attached hereto as Exhibit 16 is a true and correct copy of relevant excerpts of Policy No. 12771390-08. The excerpts have been redacted to remove unnecessary personal information.

18. Attached hereto as Exhibit 17 is a true and correct copy of relevant excerpts of Policy No. 13550152-01. The excerpts have been redacted to remove unnecessary personal information.

19. Attached hereto as Exhibit 18 is a true and correct copy of relevant excerpts of Policy No. 12771390-11. The excerpts have been redacted to remove unnecessary personal information.

20. Attached hereto as Exhibit 19 is a true and correct copy of the Notice of Motion and related materials filed in the Supreme Court of the State of New York on August 3, 2018 on behalf of Mr. Weinstein in connection with Indictment No. 2335/2018.

21. Attached hereto as Exhibit 20 is a true and correct copy of the Declaration of Benjamin Brafman filed in this matter on July 30, 2018 in connection with Mr. Weinstein's Motion to Stay.

22. Attached hereto as Exhibit 21 is a true and correct copy of a letter I received from Chubb's counsel, Edward Gibbons, on April 13, 2018 in connection with Mr. Weinstein's request for coverage for the Noble Action under corporate policies issued to The Weinstein Company by Chubb. Mr. Gibbons states: "Because the sexual misconduct allegations of the [Underlying Lawsuits] arise out of conduct undertaken by Mr. Weinstein in his personal capacity for his own personal gratification, rather than in his capacity as an executive, employee or manager of TWC, Federal must respectfully deny coverage for the [Underlying Lawsuits]." I

received letters from Mr. Gibbons on behalf of Chubb denying coverage on the same grounds for the other Underlying Lawsuits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of August at Los Angeles, California.

_____
Leslie A. Pereira