```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, et al., | |
| *Plaintiffs,* | |
| -against- | |
| HARVEY WEINSTEIN, | 18 Civ. 2526 (PAC) |
| *Defendant.* | **OPINION & ORDER** |
| HARVEY WEINSTEIN, | |
| *Counterclaimant,* | |
| -against- | |
| FEDERAL INSURANCE COMPANY, CHUBB INDEMNITY INSURANCE COMPANY, VIGILANT INSURANCE COMPANY, PACIFIC INDEMNITY INSURANCE COMPANY and GREAT NORTHERN COMPANY et al. | |
| *Counter-Defendants* | |
| HARVEY WEINSTEIN, | |
| *Third-Party Plaintiff,* | |
| -against- | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al. | |
| *Third-Party Defendants* | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-28-19

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiffs Federal Insurance Company, Chubb Indemnity Insurance Company, Pacific Indemnity Company and Great Northern Insurance Company (hereinafter "Chubb") issued a number of insurance policies to Defendant Harvey Weinstein, his company The Weinstein

Company ("TWC"), and/or members of his family providing multiple coverages including homeowner's property, fine arts, auto and personal liability with varying limits and terms. Chubb's policies included both primary and excess level policies, each written for annual policy periods during the time period from 1994 to 2018. In this action, Chubb seeks a court order declaring it has no obligation under any of its policies (collectively, the "Chubb Policies") to defend or indemnify Weinstein in any of eighteen named civil and criminal cases and claims currently pending against him (the "Underlying Actions").[1] Weinstein counterclaims, alleging breach of contract and breach of the covenant of good faith and fair dealing based on Chubb's refusal to insure his defense in these actions.

Weinstein moves to stay Chubb's action pending the resolution of the Underlying Actions; and Chubb moves for partial summary judgment declaring that Chubb has no contractual duty under any of the Chubb Policies to defend Weinstein in the Underlying Actions. For the reasons stated below, Weinstein's motion to stay is DENIED in PART as to Chubb's duty to defend claims and GRANTED in PART as to Chubb's duty to indemnify claims. Consistent with this ruling, the

---

[1] These eighteen actions are: (1) *People v. The Weinstein Company, et al.*, New York State Supreme Court Index #450293-2018 (the "NY-AG Action"); (2) *Geiss, et al. v. Weinstein, et al.*, United States District Court, Southern District of New York, Case No. 17-cv-0954 (the "Geiss Action"); (3) *Noble v. Weinstein, et al.*, United States District Court, Southern District of New York, Case No. 17-cv-9260 (the "Noble Action"); (4) *Rehal v. Weinstein, et al.*, Supreme Court of the State of New York, Index No. 151738/2018 (the "Rehal Action"); (5) *Canosa v. The Weinstein Company, et al.*, New York State Supreme Court Index No. 161254/2017 (the "Canosa Action"); (6) *ABC v. Weinstein, et al.*, High Court of Justice, London, England, Queen's Bench Division, Case No. HQ17-P-04249 (the "ABC Action"); (7) *Ackers v. Weinstein, et al.*, Los Angeles Superior Court, Case No. BC681850 (the "Ackers Action") (8) *Doe v. Weinstein, et al.*, Ontario, Canada, Case No. CV 17-585459 (the "Doe Ontario Action"); (9) *Jane Doe v. Weinstein, et al.*, Los Angeles Superior Court, Case No. BC683411 (the "Doe California Action") (10) *Jane Doe II (Class Action) v. Harvey Weinstein, The Weinstein Company Holdings, LLC, et al.*, United States District Court for the Central District of California, Case No. 17 CV 08323 (the "Doe Class Action"); (11) *Huett v. The Weinstein Company, et al.*, Los Angeles Superior Court, Case No. BC680869 (the "Huett Action"); (12) *People of the State of New York v. Harvey Weinstein*, Case No. 02335-2018 ("Felony Criminal Indictment"); (13) *Charlotte Carroll v. Harvey Weinstein*, Central London Employment Tribunal, Case No. 2200292/2018 (the "Carroll Claim"); (14) *Caitlin Dulany, et al. v. Harvey Weinstein, et al.*, United States District Court for the Southern District of New York, Case No. 18-cv-04857 (the "Dulany Action"); (15) *Ashley Judd v. Harvey Weinstein*, Case No. 2:18-cv-05724, United States District Court for the Central District of California (the "Judd Action"): (16) Anonymous I Demand Letter dated October 14, 2017; (17) Anonymous II Demand Letter dated February 26, 2018; and (18) Anonymous III Demand Letter dated February 20, 2018 (and draft complaint).

Court will consider Chubb's motion for partial summary judgment on the duty to defend. The Court has determined, however, that it cannot decide this motion on the record before it. Accordingly, the parties are now ORDERED to confer and agree upon a schedule for a brief period of discovery and supplemental briefing limited to the issue of choice of law for each of the Chubb Policies.

## BACKGROUND

This declaratory judgment action turns on the language of "personal injury" coverage provided in each of the Chubb Policies and its exclusions to coverage for intentional acts, business pursuits, director's liability, discrimination, and, in some policies, "molestation, misconduct or abuse." (*See generally* Amended Complaint, Dkt. 81).[2] The language of the personal injury provision and its relevant exclusions varies in some or all of the Chubb Policies. (Gibbons Exhibit Nos. 26-44, Dkt. 90). Chubb maintains that notwithstanding these variations, the conduct alleged in the Underlying Actions is precluded by the language of all of the Chubb Policies, as well as by New York public policy. (Amended Complaint; Pl.'s PSJ Mem., Dkt. 33). Weinstein disagrees. Not only does he believe that these exclusions do not apply to bar coverage and that New York law does not apply, but he further asserts that the Underlying Lawsuits pending against him, coupled with the negative media attention he has received, constitute a "crisis event" for which he is entitled to an additional $300,000 in "crisis assistance" coverage guaranteed by two of Chubb's excess policies issued to TWC. (Counterclaim ¶ 29, Dkt. 22).

Weinstein removed this action from New York state court in March, 2018 invoking the court's diversity jurisdiction and declaring a Connecticut domicile. (Notice of Removal, Dkt. 1). During the Court's initial scheduling conference on June 20, 2018, Chubb asked for leave to file a

---

[2] Unless otherwise noted, citations are made to the civil docket, 18-CV-2526 (PAC).

3

motion for partial summary judgment without discovery, arguing that discovery was not needed because the motion would rely solely on the language of the Chubb Policies and the pleadings of the Underlying Lawsuits. (*See* Transcript, Dkt. 62 at 2). Weinstein disagreed, asserting that discovery was necessary to determine choice of law and how each of the Chubb Policies should be interpreted. (*Id.* at 3-4). The Court granted Chubb leave to make its motion for partial summary judgment without discovery; but advised Weinstein to place his objection in his opposition to Chubb's motion, and the Court would consider it then. (*Id.* at 17-18).

## DISCUSSION

### I. Motion to Stay

Weinstein first moves this Court to stay this action until resolution of the Underlying Actions. Weinstein contends that continuing this litigation is judicially inefficient because issues to be litigated in this action overlap with issues that will decided in some or all of the Underlying Actions and poses a risk of harm to him that far outweighs any burden a stay would place on the Chubb insurers.

### A. Legal Standard

A court's power to stay a proceeding is a discretionary one, "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012); *U.S. Sec. & Exch. Comm'n v. Santillo*, No. 18 CIV. 5491 (JGK), 2018 WL 6039324, at *1 (S.D.N.Y. Nov. 2, 2018). The party seeking the stay bears the burden of proving its need, and "absent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to

4

sustain its claim." *Hicks v. City of N.Y.*, 268 F.Supp.2d 238, 241 (E.D.N.Y.2003) (internal quotation omitted).

In the insurance context, "it has long been well-established . . . that a liability insurer may bring an action for a declaratory judgment against the parties in an underlying lawsuit involving its insured without waiting for the underlying action to proceed to judgment." *Empire Fire & Marine Ins. Co. v. Elrac, Inc.*, No. 04 CIV. 10315(GEL), 2006 WL 3734308, at *2 (S.D.N.Y. Dec. 18, 2006). Nonetheless, federal courts have stayed declaratory judgment actions, or even declined to exercise jurisdiction at the onset, after finding that issues raised in the actions before them either turn on, or would be resolved in part by, determinations of liability yet to be made in the parallel proceedings. *See e.g., Stoncor Grp., Inc. v. Peerless Ins. Co.*, 322 F. Supp. 3d 505, 519 (S.D.N.Y. 2018); *Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.*, No. 02 CIV.9800 (WHP), 2004 WL 193564, at *3 (S.D.N.Y. Feb. 3, 2004). *But see Cont'l Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992) (reversible error to dismiss declaratory judgment action because of a parallel state proceeding where federal case "raises issues that are central to the allocation of liability but will not be determined in the state court actions.").

Where the parallel proceeding is a criminal one, concerns about potential prejudice and a defendant's Fifth Amendment protection against self-incrimination warrant additional considerations. *See generally Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012). In these circumstances, courts evaluating motions to stay consider:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

5

*Id.* at 99. Courts considering these factors "do not automatically stay civil proceedings because a defendant has been charged criminally," *U.S. Sec. & Exch. Comm'n v. Santillo*, No. 18 CIV. 5491 (JGK), 2018 WL 6039324, at *1 (S.D.N.Y. Nov. 2, 2018), but will do so where "the interests of justice seem to require such action." *Id.*

### B. Duty to Defend Claims

A stay is not warranted here as to Chubb's duty to defend claims. Weinstein argues that the insurance coverage issues "overlap with, and are derivative of underlying liability issues," (Def. Mem. to Stay, Dkt. 84, at 7), but when it comes to the duty to defend, that is squarely not true. Under both New York and Connecticut law,[3] an insurance provider's duty to defend is determined solely by comparing the allegations on the face of the underlying complaint(s) to the terms of the policy. *See Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 140 (2d Cir. 2014) (New York); *Ryan v. Nat'l Union Fire Ins. Co. of Pittsburgh PA*, 692 F.3d 162, 167 (2d Cir. 2012) (Connecticut). Thus, questions of fault and liability in the Underlying Lawsuits are wholly irrelevant, and in fact, inadmissible evidence, to the duty to defend inquiry the Court will make in this action.

Weinstein's pending criminal case does not change the Court's analysis. Weinstein argues that defending these lawsuits along with his criminal proceeding places him in the "perilous position" of having to choose between seeking coverage and preserving his Fifth Amendment right. (Def. Mem. to Stay, Dkt. 69, at 15 (*citing* Brafman Declaration, Ex. No. 1 ¶ 8)). But here again, the limited nature of the duty to defend inquiry makes this concern unavailing. Any

---

[3] In their filings in support and opposition to Chubb's motion for partial summary judgment, the parties dispute whether Connecticut or New York law governs the Chubb Policies. Because both Connecticut and New York law limit the duty to defend inquiry to the pleadings of the underlying action for which the claimant seeks coverage, the Court need not decide this choice of law issue to decide the motion to stay.

6

testimony from Weinstein as to his guilt, innocence, or potential liability in the Underlying Lawsuits is immaterial to the Court's assessment of whether the Chubb Policies contemplate coverage for the Underlying Actions, which will be assessed on the face of their pleadings.

Assessing the six factors in *Louis Vuitton*, only the second factor potentially favors granting a stay since Weinstein has been indicted and trial appears imminent. *See e.g., Hicks*, 268 F. Supp. 2d at 242. Still, that factor does not control in this instance because the issues to be litigated here and in Weinstein's criminal case are distinct, and that by Weinstein's own admission, most if not all of his civil Underlying Actions have been stayed pending the termination of his criminal case, (*see* Def. Reply Mem. to Stay, Dkt.104, at 9 n. 2), weakening his claim to burden. Weinstein will also not be prejudiced. Since Chubb is already refusing to defend him in any of the Underlying Actions, a ruling by this Court can only lead either to preservation of the status quo or a favorable ruling for Weinstein. Neither outcome amounts to prejudice.[4]

The Court determines that continuing this litigation over Chubb's duty to defend does not pose a risk of prejudice or interference with Weinstein's constitutional rights. Chubb is thus entitled to timely resolution of these claims and a stay is not warranted.

### C. Duty to Indemnify

As to the duty to indemnify, however, a stay is warranted in this action. Under both New York and Connecticut law, the duty to indemnify "is narrower and distinct from the duty to defend." *Town Plaza of Poughquag, LLC v. Hartford Ins. Co.*, 175 F. Supp. 3d 93, 100 (S.D.N.Y. 2016) (*citing Euchner–USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 140 (2d Cir.

---

[4] The insurance cases cited by Weinstein where courts granted a stay are distinguishable in that they address questions of indemnity, not duty to defend. *See e.g., Maryland Cas. Co. v. W.R. Grace & Co.*, No. 88 CIV. 2613 (JSM), 1996 WL 109068, at *5 (S.D.N.Y. Mar. 12, 1996) ("this is not to say that interpretation of the insurance policies (for example, judgment on the duty to defend) is inappropriate at this time. It is simply premature to make a final determination on the actual indemnity."); *State of N.Y. v. Blank*, No. 88-CV-163, 1991 WL 208883, at *4 (N.D.N.Y. Oct. 10, 1991), *aff'd in part*, 27 F.3d 783 (2d Cir. 1994) (granting a stay after already ruling on the duty to defend in an earlier opinion).

7

2014)); *see also DaCruz v. State Farm Fire & Cas. Co.*, 846 A.2d 849, 858 (2004) (applying Connecticut law). In contrast to the duty to defend, "a duty to indemnify cannot be triggered by the mere possibility of coverage; rather, it is triggered by an independent factual finding that the insured's liability is within the coverage provided by the policy." *Town Plaza*, 175 F. Supp. 3d. at 100. As such, courts considering actions for declaratory relief "have generally declined to rule on the issue of indemnity until resolution of the underlying liability claim." *Landpen Co., L.P. v. Maryland Cas. Co.*, No. 03 CIV. 3624RJHHBP, 2005 WL 356809, at *9 (S.D.N.Y. Feb. 15, 2005); *see also Fed. Ins. Co. v. Garner*, No. 15-CV-184 (DAB), 2016 WL 3554929, at *8 (S.D.N.Y. June 20, 2016); *Connecticut Gen. Life Ins. Co. v. Zurich Am. Life Ins. Co.*, No. X03010510268S, 2003 WL 1901046, at *4 (Conn. Super. Ct. Mar. 28, 2003). Consistent with these cases, the Court will exercise its discretion and order the duty to indemnify claims stayed until resolution of the Underlying Actions.

Accordingly, Weinstein's motion to stay is DENIED in PART as to Chubb's duty to defend and GRANTED in PART as to Chubb's duty to indemnify.

## II. Motion for Partial Summary Judgment

Chubb also moves for summary judgment seeking a declaration that Chubb has no duty to defend Weinstein for any of the Underlying Actions. Before the Court can interpret the language of the Chubb Policies, however, it must make a determination as to which state's law is to govern this interpretation.

### A. Choice of Law

Federal courts sitting in diversity apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 497 (1941). Here, New York choice of law rules control. In New York, "the first step in any choice of law inquiry is to determine whether there is an 'actual conflict' between the laws invoked by the parties." *Schwartz v. Twin City Fire Ins. Co.*,

8

492 F. Supp. 2d 308, 317 (S.D.N.Y. 2007) (*quoting Harris v. Provident Life and Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir.2002)); *see also Certain Underwriters v. Illinois Nat. Ins. Co.*, 99 F. Supp.3d 400, 404 (S.D.N.Y. 2015). If there is no conflict, the court merely applies the law of the forum state, New York. *Certain Underwriters*, 99 F. Supp.3d at 404. Where a conflict is found, however, the court will apply New York's choice of law principles. *Id.*

In contract disputes, New York courts apply a "center of gravity" test to determine which state law should govern. *Pac. Employers Ins. Co. v. Troy Belting & Supply Co.*, No. 1:11-CV-912, 2015 WL 5708360, at *2 (N.D.N.Y. Sept. 29, 2015); *Richards v. Princeton Ins. Co.*, 178 F. Supp. 2d 386, 391 (S.D.N.Y. 2001). To make this determination, courts consider: "the place of contracting, negotiation and performance, the location of the subject matter of the contract[,] and the domicile of the contracting parties." *Richards*, 178 F. Supp. 2d at 391. For insurance contracts in particular, courts consider: "the location of the insured risk; the insured's principal place of business; where the policy was issued and delivered; the location of the broker or agent placing the policy; where the premiums were paid; and the insurer's place of business." *Schwartz v. Twin City Fire Ins. Co.*, 492 F. Supp. 2d 308, 317 (S.D.N.Y. 2007).

"Where the 'principal location of the insured risk' is unclear because the insured risks are equally spread across many states, New York courts generally substitute the 'principal location of the insured risk' with the insured's domicile." *Wausau Bus. Ins. Co. v. Horizon Admin. Servs. LLC*, 803 F. Supp. 2d 209, 214 (E.D.N.Y. 2011) (quoting *Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.*, 36 A.D.3d 17, 22–23, 822 N.Y.S.2d 30 (1st Dep't 2006); *see also Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of New York*, 822 F.3d 620, 642 (2d Cir. 2016). Additionally, while only one state's law can govern any individual policy, *see Fireman's Fund*, 822 F.3d at 642, New York courts generally decline to impose a single choice-of-law on all policies

being considered in an action, where those policies were issued at different times and insure different risks. *See Tudor Ins. Co. v. First Advantage Litig. Consulting, LLC*, No. 11 CIV. 3567 KBF, 2012 WL 3834721, at *6 (S.D.N.Y. Aug. 21, 2012). Instead, courts make an independent determination for each policy's choice-of-law individually. *Id.*

### B. Analysis

Chubb believes New York law should apply to all Chubb Policies, while Weinstein believes Connecticut law should apply. In these circumstances, the Court's first step is to assess whether there is any difference between the insurance law of the two states necessitating a choice of law analysis. The Court finds here that there is a difference in Connecticut and New York law.[5]

Applying choice of law rules to the Chubb Policies, however, is further complicated by a dispute over Weinstein's domicile at the time each of the policies was issued. Under New York law, a person's domicile is defined as "a fixed, permanent and principal home to which a person wherever temporarily located always intends to return." N.Y. Surr. Ct. Proc. Act §103. Weinstein contends that Connecticut has been his constant domicile since at least 1994, stating in a sworn declaration that Connecticut is "the place where I have maintained my true, fixed and permanent home since at least 1994," and that he is "licensed to drive in Connecticut" and maintains his vehicles there. (Pereira Exhibit, Dkt. 108 ("Pereira Ex.") No. 2, at 2). Weinstein also points out that his domicile was determined to be Connecticut for purposes of diversity jurisdiction in this action.

---

[5] New York courts, for instance, hold that intent to injure for purposes of an "intentional acts" exclusion can be presumed in sexual abuse cases, *Pistolesi v Nationwide Mut. Fire Ins. Co.*, 644 N.Y.S.2d 819, 821 (App. Div.1996), whereas Connecticut courts make such a presumption rebuttable and limit it to cases involving minors. *State Farm Fire & Cas. Co. v. Tully*, 142 A.3d 1079, 1089 (Conn. 2016). Additionally, New York courts have held that public policy can provide a basis for allowing insurers to avoid coverage for claims alleging sexual assault in some circumstances, *QBE Ins. Corp. v. Jinx-Proof Inc.*, 959 N.Y.S.2d 19, 24 (App. Div. 2013), whereas Connecticut courts have found that public policy does not permit insurers to renege on their contractual coverage obligations, even when an insured is alleged to have committed intentional conduct. *Nationwide Mut. Ins. Co. v. Pasiak*, 173 A.3d 888, 907-08 (Conn. 2017).

The Chubb Policies, however, insure at least one, and sometimes multiple properties in Connecticut, New York, Massachusetts, California, France, and England. (*See* Pereira Ex. No. 1). Chubb also submits evidence that in five prior court actions, dating back to at least 2006, Weinstein represented to federal courts, a New York court, and in a JAMS Arbitration Demand, that he was domiciled in New York. (*See* Pl.'s PSJ Reply, Dkt 116, at 3-4). Chubb further points out that Weinstein's domicile for purposes of diversity jurisdiction is irrelevant because that is determined at the time of filing of a court action, *see Odeon Capital Grp., LLC v. Ackerman*, 149 F. Supp. 3d 480, 483 (S.D.N.Y. 2016), whereas domicile for an insurance contract is determined at the time the policy was issued. *Tudor Ins. Co.*, 2012 WL 3834721, at *7. Chubb does not dispute that Weinstein currently resides in Connecticut, but believes he was not domiciled in Connecticut at the time any of the Chubb Policies were issued. (Pl's PSJ Reply at 3).

In light of these precedents, it appears that a determination as to Weinstein's domicile is likely to control choice of law for at least some of the Chubb Policies. Unfortunately, determining Weinstein's domicile on the dates each of the Chubb Policies was issued is not possible on the record before the Court. The only evidence provided is: (1) Weinstein's declaration that his domicile has been Connecticut since 1994; and (2) Weinstein's court filings, submitted by Chubb, in which he claims a New York domicile in five unrelated actions. Even were the Court to give Weinstein's declaration limited weight, given its self-serving and conclusory nature, *see e.g., Cofimco USA, Inc. v. Mosiewicz*, No. 15-CV-9118 (SAS), 2016 WL 1070854, at *4 (S.D.N.Y. Mar. 16, 2016),[6] the record does not supply evidence sufficient for the Court to find this declaration

---

[6] *But see Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 57 (2d Cir. 1998) ("To hold, as defendants ask us to do, that the nonmovant's allegations of fact are (because 'self-serving') insufficient to fend off summary judgment would be to thrust the courts-at an inappropriate stage-into an adjudication of the merits.")

11

clearly contrary to the evidence. Weinstein's court filings declaring a New York domicile only date back to 2006, whereas the issuing dates of the Chubb Policies date back to 1994.

In his opposition brief, Weinstein "re-asserts his prior request, timely made pursuant to FRCP 56(d), to seek and secure discovery designed to elucidate choice of law issues" (Def. PSJ Opp., Dkt. 107, at 7). In light of the parties' submissions, it is clear that discovery is needed to address this limited choice-of-law question.

## CONCLUSION

For the above stated reasons, Weinstein's motion to stay is DENIED in PART as to Chubb's duty to defend claims and GRANTED in PART as to Chubb's duty to indemnify claims. The parties are further ORDERED to confer and agree upon a schedule for a brief period of discovery and supplemental briefing limited to the question of choice of law for each of the Chubb Policies. The parties are to submit this schedule to the Court within thirty days (April 29, 2019). The Court cannot rule on Chubb's motion for partial summary judgment until it receives this supplemental briefing.

The Clerk of the Court is instructed to close the motion at Docket 83. The motion at Docket 88 is to remain open pending supplemental briefing and further instruction from the Court.

Dated: New York, New York
March 28, 2019

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge