Case 1:18-cv-02526-PAC   Document 144   Filed 09/12/18   Page 1 of 3

**Abelson Herron Halpern**
333 South Grand Avenue, Suite 1550
Los Angeles, California 90071-1559
(213) 402-1900 – telephone
(213) 402-1901 – facsimile
www.abelsonherron.com

**Michael Bruce Abelson, Partner**
(213) 402-1902 – direct dial
mabelson@abelsonherron.com

September 12, 2018

> 5-27-20
> The motion is stayed pending the bankruptcy matter in the district of Delaware. SO ORDERED.
>
> */s/ Paul A. Crotty/*

**VIA ECF**

Honorable Paul A. Crotty
United States District Court Judge
Southern District of New York
500 Pearl Street, Chambers 1350
New York, New York 10007

      Re:    *Federal Insurance Company, et al. v. Weinstein*, 1:18-cv-02526-PAC
                Leave to File Motion to Consolidate per FRCP 42(a)

Dear Judge Crotty:

      Defendant and Cross-Complainant Harvey Weinstein respectfully requests leave to file a Motion for Consolidation pursuant to FRCP 42(a). Specifically, Mr. Weinstein seeks to have the above-referenced *Federal Action* consolidated with the recently-filed actions captioned <u>Steadfast Ins. Co. v. Weinstein</u>, SDNY Case No. 1:18-cv-06458-AJN (the "*Steadfast Action*") and <u>AXIS Surplus Ins. Co. v. Weinstein</u>, SDNY Case No. 1:18-cv-07524-DLC (the "*AXIS Action*"). The basis for Mr. Weinstein's Motion is the existence of at least two interrelated questions of fact and law which, like a daisy chain, link these three cases together:

•   <u>The Capacity Issue</u>: The essential insurance question posed in all three coverage cases is <u>viz</u>: Whether the alleged acts of sexual misconduct at issue in the underlying criminal and civil proceedings were undertaken in Mr. Weinstein's individual or corporate capacity? For its part, Federal's pending Motion for Summary Judgment asks this Court to find that Mr. Weinstein's alleged misdeeds were undertaken in his <u>corporate</u> capacity and, therefore, subject to its homeowners' policies' Business Pursuits and Directors' Liability Exclusions. <u>See</u> ECF Dkt. #89 at

Hon. Paul A. Crotty
September 12, 2018
Page 2

pp. 19, 23. AXIS' Complaint for Declaratory Relief seeks exactly the opposite result, contending that Mr. Weinstein's alleged misconduct was undertaken in his <u>personal/individual</u> capacity and, therefore, outside the scope of coverage of its Directors' and Officers' Liability Policy. <u>See</u> ECF Dkt. #114, Ex. A at ¶ 13. As to Steadfast and its EPL coverage, its Complaint actually presumes Mr. Weinstein's alleged misconduct was undertaken in his corporate capacity (<u>see</u> Steadfast Action ECF Dkt. #16 at ¶ 33) and, so, it relies on an alternative basis for non-coverage (<u>see</u> *infra*). Nevertheless, the three insurers' differing positions cannot all be correct and Mr. Weinstein should not be subjected to the possibility of inconsistent findings when, by way of consolidation, this dispositive "Capacity Question" can be definitively settled in one forum, by a single decision-maker, and in a manner consistent with the evidence presented on this issue, which will be the same in all three actions.

- The "Wrongful Employment Act" Issue: AXIS also seeks a declaration of non-coverage based on an alternative argument, *to wit*: The AXIS Policy's "Wrongful Employment Act" definition does not extend to Mr. Weinstein's alleged acts of misconduct in underlying civil and criminal proceedings. <u>See</u> ECF Dkt. #14, Ex. A at ¶¶ 16-20. This very same legal/factual issue – *Whether Mr. Weinstein's alleged misconduct constitutes a "Wrongful Employment Act"* – is raised as a basis for non-coverage in the *Steadfast Action* as well. <u>See</u> Steadfast Action ECF Dkt. #16 at ¶¶ 38-45. Indeed, the two policies' "Wrongful Employment Act" definitions are substantively similar.[1] That being so, consolidation is warranted for reasons of judicial

---

[1] A side-by-side comparison of the two definitions makes this relationship plain:

| Steadfast Policy | AXIS Policy |
|---|---|
| Wrongful Employment Act means any act … allegedly committed . . . in connection with any actual or alleged: … ***sexual harassment including without limitation offensive, intimidating, coercive or unwelcome conduct, advances, contact or communications*** … | Wrongful Employment Act means actual or alleged … ***sexual (including without limitation offensive, intimidating, coercive or unwelcome conduct, advances, contact or communications) or other workplace harassment*** … |

economy and the avoidance of inconsistent results as between the *AXIS* and *Steadfast Actions*.

To be sure, Mr. Weinstein is mindful of this Court's prior decisions denying his request to relate the *Steadfast* and *AXIS Actions* to the *Federal Action*.  See ECF Dkt. 115.  **Nevertheless**, SDNY's Local Rule 13(a)(1) specifically provides that a determination made under Rule 13 with respect to relatedness does not "preclude parties from moving for consolidated proceedings under Fed. R. Civ. P. 42."  See SDNY Local Rule 13(a)(1).  Given this and related principles set forth in Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990) *cert denied* 498 U.S. 920, 111 S.Ct. 297, 112 L. Ed 2d 250 (1990) (consolidation appropriate in order to serve the interests of "judicial economy" and "to avoid unnecessary costs and delay"); see also Hayes v. Williamsville Cent. Sch. Dist., 506 F. Supp. 2d 165, 172 (WDNY2007) (consolidation is employed by courts to "promote efficiency and prevent inconsistent results"), Mr. Weinstein seeks leave to have his request for consolidation fully considered by way of formal motion.  To date, Federal, AXIS, and Steadfast have only given cursory – and incorrect – reasons to avoid the interrelationship of their respective coverage cases against Mr. Weinstein.  In fairness to both Mr. Weinstein and this Court, a full and complete airing of all issues should be allowed.

                                    Respectfully submitted,

                                    **ABELSON HERRON HALPEN LLP**

                                    **Michael Bruce Abelson**
                                    Attorneys for Defendant, Counterclaimant
                                    and Third-Party Plaintiff Harvey Weinstein

cc:   Andrew L. Margulis, Esq. (counsel for Steadfast)
       Kim W. West, Esq. (counsel for AXIS)