WALKER WILCOX MATOUSEK LLP
Edward P. Gibbons
Joyce F. Noyes
One North Franklin Street, Suite 3200
Chicago, Illinois 60606

CLYDE & CO US LLP
Paul R. Koepff
Harris R. Wiener
The Chrysler Building
405 Lexington Avenue
New York, New York 10174

> 5-27-2020
> The motion is stayed pending the bankruptcy matter in the district of Delaware. SO ORDERED.
>
> *Paul A. Crotty*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, et al.<br><br>    Plaintiffs,<br><br>-against-<br><br>HARVEY WEINSTEIN,<br><br>    Defendant. | |
| HARVEY WEINSTEIN,<br><br>    Counterclaimant,<br><br>-against-<br><br>FEDERAL INSURANCE COMPANY, et al.<br><br>    Counter-Defendants. | 1:18-cv-02526-PAC (RWLx)<br><br>**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| HARVEY WEINSTEIN,<br><br>    Third-Party Plaintiff,<br><br>-against-<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, et al.<br><br>    Third-Party Defendants. | |

  NOW COMES Plaintiffs and Counter-Defendants, Federal Insurance Company, Chubb Indemnity Insurance Company, Pacific Indemnity Company and Great Northern Insurance Company ("Chubb"), by and through their attorneys, CLYDE & CO US LLP and WALKER WILCOX MATOUSEK LLP, pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule

1

7.1, and for their Motion for Partial Summary Judgment seeking a declaration that Chubb has no duty to defend the Defendant Harvey Weinstein ("Weinstein") with respect to various underlying lawsuits and claims under various homeowner's insurance policies, state as follows:

1. This is an insurance coverage action in which Chubb seeks a declaration that they have no duty to defend or indemnify Weinstein for 18 underlying civil and criminal lawsuits and/or claims ("Underlying Lawsuits") filed by numerous young, aspiring actresses, models and employees, who alleged that Weinstein raped, sexually attacked, sexually molested, sexually harassed, discriminated and/or retaliated or threatened to retaliate against them for refusing his advances or reporting his misconduct.

2. As set forth herein, as well as in Chubb's contemporaneously filed Memorandum of Law in Support of their Motion for Partial Summary Judgment, which is incorporated by reference, pursuant to long-standing New York precedent, there is no obligation to defend Weinstein based on various broad exclusions in Chubb's policies and New York public policy precluding any insurance coverage with respect to intentional acts done with the intent to harm.

3. First, the plain and unambiguous language of the Intentional Acts Exclusions contained in each of the policies bars coverage for the underlying lawsuits as a matter of New York law because the gravamen of each of the Underlying Lawsuits at issue is Weinstein's alleged forcible rape, sexual assault, sexual harassment and other sexual misconduct and retaliation.

4. Chubb also has no duty to defend or indemnify Weinstein for the Underlying Lawsuits for the independent reason that any such coverage is barred by New York public policy, which prohibits insurance coverage for intentional injuries, including, in particular, rape, sexual assault, and other intentional sexual misconduct.

5. Coverage for each of the underlying lawsuits is also barred by the Business Pursuits Exclusions contained in each of the policies because each of the Underlying Lawsuits seek damages for alleged injuries arising from Weinstein's sexual misconduct done in furtherance of his business as a film producer.

6. Chubb further has no duty to defend pursuant to the Director's Liability Exclusions contained in each of the policies because the allegations of the Underlying Lawsuits are that the victims' injuries arose from Weinstein's "actions or failure to act" as an executive of Miramax and/or The Weinstein Company LLC.

7. Chubb further has no duty to defend pursuant to the Discrimination Exclusions contained in each of the policies because the allegations of the Underlying Lawsuits are that the victims' injuries arose from discriminatory conduct by Weinstein.

8. Accordingly, for the reasons set forth herein, as well as in Chubb's contemporaneously filed Memorandum of Law in Support of their Motion, Chubb respectfully requests that this Court grant their Motion and enter judgment that Chubb has no duty to defend or indemnify Weinstein for the subject Underlying Lawsuits under the Chubb policies.

Dated: July 31, 2018

Respectfully submitted,

WALKER WILCOX MATOUSEK LLP

By: /s/Edward P. Gibbons
Edward P. Gibbons [admitted pro hac vice]
Joyce F. Noyes [admitted pro hac vice]
One North Franklin Street
Suite 3200
Chicago, Illinois 60606
(312) 244-6700
egibbons@wwmlawyers.com
jnoyes@wwmlawyes.com

and

CLYDE & CO US LLP
Paul R. Koepff
Harris R. Wiener
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 710-3900
paul.koepff@clydeco.us
harris.wiener@clydeco.us

*Attorneys for Plaintiffs*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2018, a copy of the foregoing document was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: July 31, 2018

Respectfully submitted,

WALKER WILCOX MATOUSEK LLP

By: /s/Edward P. Gibbons
Edward P. Gibbons [admitted pro hac vice]
Joyce F. Noyes [admitted pro hac vice]
One North Franklin Street
Suite 3200
Chicago, Illinois 60606
(312) 244-6700
egibbons@wwmlawyers.com
jnoyes@wwmlawyes.com

and

CLYDE & CO US LLP
Paul R. Koepff
Harris R. Wiener
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 710-3900
paul.koepff@clydeco.us
harris.wiener@clydeco.us

*Attorneys for Plaintiffs*